(No. 86-CC-2153– )

WILLIAM NEITZKE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 11, 1989.*

NILSON, STOOKALS & BOBROW, LTD. (STUART J. BOBROW, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (DANIEL BRENNAN, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

Claimant, William Neitzke, filed a claim, sounding in tort, seeking compensation for personal injuries suffered by him during his employment, pursuant to section 8(a) of the Court of Claims Act. (Ill. Rev. Stat., ch. 37, par. 439.8(a).) The verified complaint filed in support thereof named certain individuals as agents of

the Illinois Department of Transportation (IDOT), as well as the State and, in addition to compensatory damages of $1,000,000, seeks punitive damages of $5,000,000.

Claimant, age 73 and married, was employed by the State of Illinois (IDOT)) as a highway maintainer beginning in February 1971. On May 1, 1981, while engaged in his employment, Claimant injured himself severely and was placed on temporary total disability by Respondent. Thereafter, a claim was filed by Claimant before the Illinois Industrial Commission (case no. 81-WC-46056) for adjudication of his injuries and he remained on disability continuously from January 1982, until August 1, 1984.

Dr. Ben Camacko examined Claimant at the request of Respondent on April 23, 1984, and based upon such examination and evaluation of the records of IDOT submitted to him by said agency, submitted two reports dated April 24, 1984, and May 20, 1984, and recommended in said reports that "the man can be employed, but he has to have certain restrictions."

In July 1984, Respondent contacted Claimant for the purpose of obtaining light duty work for him, commensurate with Dr. Camacko's findings and Claimant failed to report to said light duty assignment as requested by Respondent.

Subsequently, discharge proceedings were initiated by Respondent, who based such action on job abandonment by Claimant because of his refusal to return to work. Claimant thereupon instituted proceedings before the Illinois Civil Service Commission (case no. D.A. 63—85). During these proceedings before the Civil Service Commission, Respondent rescinded its termination of

Claimant's employment and he was reinstated, together with all accrued disability benefits that he was entitled to during the period involved.

The Claimant then filed a petition before the Illinois Industrial Commission (case no. 81-WC-46056) wherein the arbitrator adjudged the Claimant to be completely disabled and awarded him the sum of $250.38 per week for life, as provided by statute.

On September 28, 1988, we denied Claimant's motion to adjudicate claim of Claimant finding that "there is no authority for asserting punitive damages against the State of Illinois."

Claimant, in closing his proofs at the hearing before the Commissioner, has asked that he be awarded approximately $22,000 in compensatory damages, apparently abandoning his original claim of $1,000,000, and bases such claim on what Claimant would have accrued for vacation time and sick time from January 1982, to November 1987. In addition, prior to his injury, Claimant has also accrued substantial vacation days, and during the course of these proceedings, Respondent has already stipulated that Claimant has accrued said vacation pay due and owing in the amount of $1,552, prior to his going on disability.

We have previously decided the issue of punitive damages against the Claimant. We also note that Claimant's counsel, by letter dated December 5, 1988, addressed to the Commissioner, requested that his arguments in support of the punitive damages issue as contained in his memo in support be ignored.

The claim of compensatory damages of $22,000 is based upon what Claimant would have accrued for vacation time and sick time from January 1982, to November 1987.

The issue of compensatory damages in the amount of $22,000 for accrued vacation and sick pay during Claimant's incapacity for the period from January 1982, to November 1987, is governed, as the Claimant has alleged, by the terms of a teamster's contract under which the Claimant is admittedly covered, the pertinent terms of which state:

"11.1 Vacation sick leave ° ° °. In addition, commencing July 1, 1979, an employee going on service connected disability leave ° ° ° shall accrue vacation and sick leave credits during such leave, as though working, the same to be credited to the employee upon the employee's return to work." (Underscoring supplied.)

Under the above text of the teamster's contract, the Claimant would have had to return to work in order to qualify to receive such vacation and sick leave pay. In the case at bar, Claimant has never returned to work.

Accordingly, the claim of $22,000 must be denied. However, he is entitled to the accrued vacation pay prior to injury and before going on disability leave. Respondent has stipulated to the amount of $1,552.

In addition to the above issues, Claimant seeks to submit, for approval and payment by this Court, unpaid medical bills incurred long after his adjudication of being totally disabled by the arbitrator in the Industrial Commission proceedings. Obviously, these bills come within the scope of the continuing order of said arbitrator to pay the Claimant's related medical bills, which is within his sole jurisdiction. Therefore, the claim of Claimant for unpaid medical bills accrued subsequent to his adjudication of total disability is denied.

Claimant has also sought damages from several employees of IDOT, Fred Hoegler, Bill Piland, Joseph Kostur and Jacqueline Hickman. Section 8(d) of the

Court of Claims Act (Ill. Rev. Stat., 1987, ch. 37, par. 439.8(d)) specifically provides that this Court is authorized to adjudicate all claims against the State in cases sounding in tort. This language indicates that only the State of Illinois is a proper party defendant in tort cases. The aforesaid IDOT employees are dismissed as parties to this action.

It is therefore ordered, adjudged and decreed that Claimant William E. Neitzke is awarded one thousand five hundred fifty-two and no/100 dollars ($1,552.00) in full and complete satisfaction of this claim.